**Ralph DUNLAP, Plaintiff–Appellant,**

v.

**Robert LOSEY, et al., Defendants–Appellees.**

No. 01–2586.

United States Court of Appeals, Sixth Circuit.

May 15, 2002.

Before NELSON, SILER, and CLAY, Circuit Judges.

### ORDER

Ralph Dunlap, a Michigan state prisoner, requests the appointment of counsel and appeals a district court judgment dismissing his civil rights action, filed pursuant to 42 U.S.C. § 1983. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In the complaint filed below, Dunlap stated that he had been returned to prison as a parole violator, and after being housed for a few months in a reception center that was to be converted to a women's prison, he was transferred to another reception center with apparently stricter rules, where they required him to store his two hardcover Bibles, as well as other personal property that was not permitted. Dunlap remained in the new reception center for most of the month of August, 2000. When he was transferred to more permanent housing, his property was returned to him. The complaint challenged the transfer, the confiscation of his hardcover Bibles for the duration of his stay, and the lack of services for Jehovah's Witnesses at the reception center.

The matter was referred to a magistrate judge, who recommended that defendants be granted summary judgment. The district court adopted this recommendation over Dunlap's objections, but stated that it was dismissing the complaint for failure to state a claim. On appeal, Dunlap has confined his argument to his challenge to the confiscation of his hardcover Bibles for the month in issue, which he alleges violated his due process and First Amendment rights, and the Religious Land Use and Institutionalized Persons Act of 2000 (RLUIPA), 42 U.S.C. § 2000cc–1. He also argues that his objections to the magistrate judge's report were not filed, but the record shows that the objections were filed and considered by the district court.

Initially, we note that, although the magistrate judge recommended granting the defendants' motion for summary judgment, the district court stated that it was dismissing the complaint for failure to state a claim. Upon consideration, we conclude that the complaint failed to state a claim and could properly be dismissed under Fed.R.Civ.P. 12(b)(6). Construing the allegations in the complaint in Dunlap's favor, he was nevertheless not entitled to relief. *See Meador v. Cabinet for Human*

*Res.,* 902 F.2d 474, 475 (6th Cir.1990). Furthermore, because Dunlap has abandoned all claims raised below other than the issue of the confiscation of his hardcover Bibles, the other issues will not be addressed. *Boyd v. Ford Motor Co.,* 948 F.2d 283, 284 (6th Cir.1991).

Dunlap argues that the district court overlooked his claim that the confiscation of his hardcover Bibles violated his due process rights. Defendants noted that, because the property was held in storage and returned to Dunlap upon transfer, no administrative hearing was required. Such hearings are available only when property is permanently confiscated. Dunlap was permitted to file a grievance over the issue, which defendants responded to by noting that no hardcover books were permitted in the reception center. Therefore, Dunlap's claim that he should have received an administrative hearing lacks merit, as he has no interest in receiving process for its own sake, but only to safeguard a substantive issue to which he is legitimately entitled. *Newell v. Brown,* 981 F.2d 880, 885 (6th Cir.1992). Moreover, Dunlap did not demonstrate that state post-deprivation remedies were inadequate to address his claim. *Copeland v. Machulis,* 57 F.3d 476, 479–80 (6th Cir. 1995).

Dunlap also maintains that the deprivation of his Bibles violated his First Amendment rights and the RLUIPA. This court has previously found that a ban on hardcover books, including Bibles, does not violate the First Amendment. *Skelton v. Pri–Cor, Inc.,* 963 F.2d 100, 102–03 (6th Cir.1991). The RLUIPA, like its predecessor the Religious Freedom Restoration Act, requires the complainant to show that his religious exercise was substantially burdened. *See Werner v. McCotter,* 49 F.3d 1476, 1480 (10th Cir.1995). In this case, Dunlap argued that he needed his Bibles for daily Scripture reading. However, he did not demonstrate that his religious exercise was substantially burdened, as he did not show that a softcover Bible would not have served as well. Although he claims to have requested a substitute Bible, the only evidence he submitted showed that he wrote the chaplain with such a request the day after his arrival, and his letter was returned with a note that the chaplain was on leave that month. He wrote a similar letter a few days before his transfer, which was responded to by the chaplain with an address where he could order a replacement, but by that time he had been transferred and his hardback Bibles had been returned to him. He did not show that he had requested a softcover Bible at any other time during the month in question. We conclude that the temporary deprivation of his hardcover Bibles, which Dunlap might have remedied more quickly, while making the practice of his religion somewhat more difficult, did not coerce him into action contrary to his beliefs, and did not state a claim under the RLUIPA. *Cf. Thiry v. Carlson,* 78 F.3d 1491, 1495 (10th Cir.1996) (Religious Freedom Restoration Act).

For the above reasons, the request for counsel is denied, and the district court's judgment is affirmed. Rule 34(j)(2)(C), Rules of the Sixth Circuit.